UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIE R. PEAVY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-128-JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Willie Peavy, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 15-12-308) where a Disciplinary Hearing Officer (DHO) at the Indiana State Prison found him guilty of attempting to traffic contraband in violation of Indiana Department of Correction (IDOC) policy A-111 and A-113. ECF 4 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id*.

Much of Peavy's petition is premised on the argument that the IDOC failed to follow its internal policies in imposing his discipline. However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"). Nevertheless, the court will analyze Peavy's claims to determine whether he has identified any violations of his federal rights. *See id.* at 67-68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Peavy claims that the DHO did not have sufficient evidence to find him guilty. The imposition of prison discipline will be upheld so long as there is some evidence to support the

finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Peavy was charged with violating IDOC A-111 and A-113. IDOC A-111 is defined as, "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC A-113 is defined as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Indiana law 35-44.1-3-5 defines the offense of trafficking as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:

1. delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;

2. carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or

3. delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

IC § 35-44.1-3-5 (West).

The Conduct Report charged Peavy as follows:

On Dec. 24, 2015 appr around 1:00pm offender Peavy 138762 approached me asking if I wanted to make extra money bringing in product for him. I did not feel comfortable with him asking me this along with this being very inappropriate with my job position. During the conversation he said I could make a quick 1,000 dollars and after I return I could pick up the rest of the money.

ECF 8-1.

Here, the DHO had sufficient evidence to find Peavy guilty of attempted trafficking with Alicia Spruell, an Aramark Food Service worker at the prison. Ms. Spruell provided the DHO with a first-hand account that Peavy attempted to engage in trafficking contraband into the facility with a person not incarcerated at the prison. This evidence constitutes "some evidence" that Peavy was guilty of violating IDOC policy. The DHO's determination was not arbitrary or unreasonable in light of the reporting officer's statement.

Peavy argues that he was not working in the kitchen on the date noted in the Conduct Report. ECF 4 at 2. While it is true that the Conduct Report initially identified the wrong date, the reporting officer subsequently corrected this error. After the reporting officer wrote the Conduct Report, she emailed her supervisor to correct the date of the incident from December 24, 2015, to December 22, 2015. ECF 8-7. Peavy was at work during the relevant time on December 22, 2015. *Id.* at 1.

Peavy also takes issue with the fact that the reporting officer wrote the Conduct Report two days after the incident. ECF 4 at 2. However, this argument does not identify any due process violation. Peavy's due process rights under *Wolff* were not implicated by a two-day delay in the issuance of the Conduct Report. *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974) (enumerating the federal rights afforded to prisoners for purposes of prison disciplinary hearings).

Peavy also argues that he was improperly denied his request to present evidence. ECF 4 at 3. He claims that he asked the DHO to review video footage from December 23, 2015, the day *after* the incident. *Id.* He explains that he wanted this evidence because it would demonstrate that he and the reporting officer had a verbal confrontation wherein the reporting officer threatened to have Peavy fired from his job in the kitchen. *Id.* The DHO denied Peavy's request to review this evidence on the basis that surveillance footage from the day after the incident was not relevant to the charges against him. *Id.* Inmates have a right to present relevant, exculpatory evidence in their defense. *Wolff*, 418 U.S. at 566; *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). In this case, the DHO did not err in denying Peavy's requested evidence because the evidence was not relevant or exculpatory. It was for the DHO to weigh the respective credibility of Peavy's version of events against that of the reporting officer. It is not the province of this court to re-weigh the evidence. *See McPherson*, 188 F.3d at 786.

Next, Peavy argues, "the hearing officer cannot investigate the facts of the conduct and be the hearing ofc. The report of disciplinary hearing shows she did both, violation of due process." ECF 4 at 2. However, nothing in the Disciplinary Hearing Report shows that the DHO improperly investigated the attempted trafficking charge against him. Rather, it shows that the DHO properly

reviewed the facts of this case. The DHO, as the fact-finder, had an obligation to do so. This did not deprive Peavy of his due process rights – it protected them.

Finally, Peavy argues that the reporting officer did not have the authority to issue the Conduct Report. ECF 4 at 2. He argues that, pursuant to an IDOC food service contract, only IDOC officials are permitted to discipline prisoners. Peavy claims that, here, IDOC officials should not have permitted this report to proceed because it was not issued by an IDOC employee. *Id.* However, as discussed above, violations of prison policy or state law do not entitle a prisoner to habeas corpus relief. Therefore, the fact that prison officials permitted a prison-contractor to issue a disciplinary report – even if contrary to a State contract - is not a basis for relief.

If Peavy wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For the reasons set forth above, the petition (ECF 4) is **DENIED**. The clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: July 7, 2017

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Judge